UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN M. PETERMAN and SARA L. PETERMAN, | Case No. 10-CV-3363 (PJS/JJK) |
| Plaintiffs, | |
| v. | ORDER |
| NATIONWIDE LIFE INSURANCE COMPANY, | |
| Defendant. | |

William L. Lucas, WILLIAM L. LUCAS, P.A., for plaintiffs.

Rolf E. Gilbertson, Christopher R. Paar, Elizabeth V. Kniffen, ZELLE
HOFMANN VOELBEL & MASON LLP, for defendant.

Plaintiffs John and Sara Peterman bring statutory and common-law claims under Texas

law against defendant Nationwide Life Insurance Company ("Nationwide"). This matter is

before the Court on the parties' cross-motions for summary judgment. For the reasons stated

below, the Court denies the Petermans' motion and grants Nationwide's motion in part.

I.  BACKGROUND

In 2000, John and Sara Peterman, a married couple, each purchased a universal life-

insurance policy from Nationwide. Paar Aff. Exs. 1, 2 (policies). At the time that the Petermans

purchased their policies, they lived in Dallas, Texas. J. Peterman Second Aff. ¶ 9. Before

moving to Texas in 1998, the Petermans lived in Georgia. J. Peterman Dep. 12; J. Peterman First

Aff. ¶ 4.

The Petermans purchased the policies from Charles Frazier, an Atlanta-based broker who

is a registered representative of Transamerica Financial Resources, Inc. Frazier Aff. ¶¶ 2-3. The

Petermans had been referred to Frazier by their Atlanta health-insurance broker.  J. Peterman Dep. 84-86.  Although Nationwide was licensed to sell life insurance in Texas, Souslin Aff. ¶ 9, and Frazier was licensed to sell securities in Texas, Frazier Aff. ¶ 8, Frazier was not licensed to sell life insurance in Texas, and the policy forms used for the Petermans' policies were not approved by the Texas Department of Insurance.  Frazier Aff. ¶ 7; J. Peterman First Aff. ¶ 8 & Exs. F, G.

The Petermans made a total of three premium payments on the policies: (1) an October 2001 payment of $35,328 on John's policy; (2) an October 2001 payment of $39,000 on Sara's policy; and (3) an October 2002 payment of $39,000 on Sara's policy.[1]  Lucas Second Aff. Ex. B.  Although the record is somewhat confusing, it appears that, by the time that a second premium payment may have been due on John's policy, the Petermans decided not to pay any more premiums on the Nationwide policies but rather to obtain term life insurance.  J. Peterman Dep. 53-54.  John also testified, however, that it was his understanding that he did not need to make any more premium payments and that the amount he had already invested would be sufficient to cover the policy premiums until he could begin to withdraw cash from his policy.  J. Peterman Dep. 52-53.

At some point in 2008 or 2009, John's policy lapsed due to nonpayment of premiums.  J. Peterman Dep. 49.  John contacted Nationwide several times in September 2009 about reinstating the policy but did not receive any response.  J. Peterman Second Aff. ¶¶ 11-12. Finally, John contacted the Texas Department of Insurance, at which point he learned that Frazier

---

[1]In 2005, for estate-planning reasons not relevant here, the Petermans swapped ownership of the policies.  J. Peterman Dep. 44, 105.

was not licensed to sell life insurance in Texas and that the policy forms were not approved by

the Texas Department of Insurance.  J. Peterman Dep. 121-22.  On March 3, 2010, the Petermans

wrote to Nationwide demanding the rescission of the policies and the return of their premiums

with interest.  Lucas Second Aff. Ex. B.  The Petermans then instituted this lawsuit in state court,

after which Nationwide removed it to federal court.  Docket No. 1.  Later, in October 2010, the

Petermans voluntarily surrendered Sara's policy and were paid the contract value of $71,313.37.

J. Peterman Dep. 90-91; J. Peterman First Aff. ¶ 13; Souslin Aff. ¶ 6.

## II.  ANALYSIS

The Petermans bring three claims:[2] (1) a claim of common-law fraud under Texas law;

(2) a claim of deceptive trade practices under Tex. Ins. Code Art. 21.21 (2000); and (3) a claim of

deceptive trade practices under Tex. Bus. & Com. Code §§ 17.46 and 17.50 (2000).[3]  All of these

claims are based on Frazier's lack of a Texas license to sell life insurance and the lack of

approval of the policy forms by the Texas Department of Insurance.

### A.  Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).  A dispute over a fact is "material" only if its resolution might affect the outcome

---

[2]The Petermans' complaint appears to refer to a number of other claims; at oral argument, however, the Petermans clarified that they are pursuing only the three claims identified above. The Court will therefore grant Nationwide's motion with respect to all claims other than the three claims identified above.  The Court notes that the Petermans' concession moots Nationwide's argument that many of the statutes cited by the Petermans in their complaint do not provide a private cause of action.

[3]The relevant portions of Tex. Ins. Code Art. 21.21 (2000) are now codified in Chapter 541 of the Texas Insurance Code.

of the lawsuit under the substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party."  *Id.*  "The evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

### B.  The Petermans' Motion

The Petermans move for summary judgment, arguing that there is no dispute either that

Frazier knowingly lacked the required license and approved forms from the Texas Department of

Insurance or that he failed to tell them of these deficiencies.  The Petermans are simply mistaken

on the latter point; Nationwide has offered evidence that Frazier "always . . . fully explain[s]" his

Georgia license to out-of-state customers.  Frazier Aff. ¶ 5.  Evidence of Frazier's routine

practice is plainly admissible under Fed. R. 406.  In addition, the Petermans do not identify the

source of any obligation Frazier may have had to tell them that he was unlicensed in Texas and

that the policy forms were not approved in Texas.[4]  *See Imperial Premium Fin., Inc. v. Khoury*,

129 F.3d 347, 352 (5th Cir. 1997) ("Under Texas law, in the absence of a duty to disclose, mere

silence does not amount to fraud or misrepresentation; and a duty to disclose arises only where a

fiduciary or confidential relationship exists."); *Mauskar v. Hardgrove*, No. 14-02-00756-CV,

---

[4]The Petermans argue that, because Frazier did not tell them that he was unlicensed and
the forms were unapproved, they had the right to assume that Frazier's actions complied with
Texas law.  The Court is unaware of any authority supporting the Petermans' argument.  The
(old) case that they cite for this proposition says that a policyholder is entitled to assume that her
insurance agent is acting within the scope of his agency.  It says nothing about assuming that an
insurance agent is acting consistently with Texas law.  *See W. Millers Mut. Ins. Co. v. Williams*,
231 F.2d 425, 428 (5th Cir. 1956) ("an insured is entitled to assume that an insurance agent is
continuing to act within the scope of his agency, unless and until he has either actual or
constructive notice to the contrary").  Obviously, an insurance agent can act both (1) within the
scope of his agency and (2) inconsistently with Texas law.

2003 WL 21403464, at *6 (Tex. App. June 19, 2003) ("[w]e know of no authority imposing a fiduciary relationship as a matter of law between an insured and his insurer or its agent"). Finally, there are genuine issues of fact concerning whether the Petermans' claims are barred by the applicable statutes of limitation. *See* Tex. Ins. Code Art. 21.21 § 16(d) (2000) (two-year limitations period for actions under Article 21.21); Tex. Bus. & Com. Code § 17.565 (2000) (two-year limitations period for actions under § 17.50). The Court therefore denies the Petermans' motion for summary judgment.

### C.  Nationwide's Motion

Nationwide first argues that the Petermans' claims are barred by the applicable statutes of limitation. Nationwide might well prevail on this issue, but the Court believes that there is a factual issue concerning whether the limitations periods were tolled by the discovery rule. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 625-26 (Tex. App. 2009) (reversing summary judgment on statute-of-limitations defense because "reading the policies or the cover notes would not reveal that Guidry was not licensed to sell surplus-lines policies in Texas"). Accordingly, the Court cannot grant summary judgment to Nationwide on this basis.

Nationwide next argues that the Petermans have suffered no damages because it is undisputed that they received the coverage for which they paid. The parties agree that Nationwide was bound to honor the terms of the policies even though Frazier was not licensed to sell life insurance in Texas and even though the forms were not approved by the Texas Department of Insurance. But the Petermans counter that, even if they were not "damaged" as that term is typically used, the premiums they paid nevertheless constitute "damages" within the meaning of the relevant statutes.

The Court is sympathetic to Nationwide's position.  The Petermans indeed received exactly the coverage they bargained for, at exactly the price they bargained for, and thus were not harmed in the slightest by Nationwide's alleged violations of Texas law.   But a review of Texas cases supports the Petermans' position.  *See Tex. Mut. Ins. Co. v. Ray Ferguson Interests, Inc.*, No. 01-02-00807-CV, 2006 WL 648834, at *11 (Tex. App. Mar. 16, 2006) ("Proper damages for the liability theories that RFI asserted [under Article 21.21] might be, for example, the premiums that RFI actually paid after it was tricked into purchasing coverage that it would not otherwise have purchased had the Fund not made these misrepresentations."); *Green Tree Acceptance, Inc. v. Pierce*, 768 S.W.2d 416, 419 (Tex. App. 1989) ("Since appellees were not seeking damages [under § 17.50(b)(1)] but rescission of the contract [under § 17.50(b)(3)], it was not necessary for them to prove that the breach of warranty was the producing cause of actual damages."); *cf. Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 612 (N.D. Tex. 2006) ("Should the court grant the requested equitable relief [of common-law rescission], Indianapolis Life will no longer have a paying customer and Kennard will receive the amounts paid in premiums minus any benefit he has received.").

Accordingly, the Court denies Nationwide's motion for summary judgment with respect to the Petermans' remaining claims of common-law fraud and violations of Tex. Ins. Code Art. 21.21 (2000) and Tex. Bus. & Com. Code §§ 17.46 and 17.50 (2000).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Plaintiffs' motion for summary judgment [Docket No. 19] is DENIED.

-6-

2.      Defendant's cross-motion for summary judgment [Docket No. 26] is GRANTED
        IN PART and DENIED IN PART.

3.      Defendant's motion is GRANTED on all claims other than plaintiffs' claim of
        common-law fraud and plaintiffs' claims under Tex. Ins. Code Art. 21.21 (2000)
        and Tex. Bus. & Com. Code §§ 17.46 and 17.50 (2000).

4.       All of plaintiffs' claims other than their claim of common-law fraud and claims
        under Tex. Ins. Code Art. 21.21 (2000) and Tex. Bus. & Com. Code §§ 17.46 and
        17.50 (2000) are DISMISSED WITH PREJUDICE AND ON THE MERITS.

5.      Defendant's motion is DENIED in all other respects.

6.      The Clerk of Court is directed to correct the caption on the docket to reflect that
        plaintiff Sara Peterman's name is "Sara L. Peterman."


Dated: October 27, 2011                        s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge